IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WILLIE CALHOUN, § | |
| (TDCJ # 1684582) § | |
| VS. § | CIVIL ACTION NO.4:11-CV-071-Y |
| § | |
| § | |
| YOLINDA IRVIN, et al. § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(B)(1)
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Willie Calhoun's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Calhoun has filed a civil complaint form for alleged violation of constitutional rights under 42 U.S.C. § 1983. (Compl. at 1-13.) A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Calhoun's claims must be dismissed.

The Court notes first that Calhoun's claims in this action are in part, duplicative of claims already asserted and dismissed in a previous suit. In *Calhoun v. Irvin, et.al.,* No. 4:09-CV-637-A, the Court dismissed, under 28 U.S.C. § 1915(e)(2)(B), Willie Calhoun's complaint seeking to "get his car back" from defendants identified as Linda ("YoLinda") Irvin and Robie Jeffery including claims about "taking his car and keeping it and money," and "hitting me, taking my money, and guns to head."[6] In this action, Calhoun again sues Yolinda Irvin and Robie Jeffery, and complains "Yolinda Irvin took my car and all my paperwork, put her name on it and kept it;" and against Jeffery he claims she "hit me and took my car keys and car." (Compl. § IV(B).) These claims are virtually the same claims as previously dismissed.

In reviewing a similar multiple-suit-filing scenario by an inmate plaintiff, the United States Court of Appeals for the Fifth Circuit found no abuse of discretion in a district court's

---

[4]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6]The Court takes judicial notice of the records of this the Northern District of Texas in *Calhoun v. Irvin, et al.,* No. 4:09-CV-637-A. In the Order of Dismissal in that case, because of the confusing manner in which defendant Irvin was identified, the Court expressly noted that "Linda Irvin" was intended to include "Yolinda Iiven Jeffery" and "Yolinda Iirven Jiffery."

2

determination that an in-forma-pauperis action identical to one previously dismissed, may be dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork,* No. 86-3735 (5th Cir. May 22, 1987)(unpublished order)(citing *McCullough v. Morgan,* No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D.Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d).[7]

Because Calhoun's claims in the instant case against Irvin and Jeffery are virtually identical to claims already dismissed under 28 U.S.C. § 1915(e)(2) in this the Northern District of Texas, such claims asserted herein must be dismissed as malicious.

Furthermore, and alternatively, the Court concludes that Plaintiff's complaint includes claims that are not cognizable under 42 U.S.C. § 1983. Calhoun also writes in his complaint that "Last year I bought a car from a friend to me for $2,000. A black max 2000. The Fort Worth PD stop me [sic] and took it. I went to Court." (Compl. § V.) In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws

---

[7]*Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988)(other citations omitted); *see also Brown v. Thomas,* No. 3:02-CV-0673-M, 2002 WL 31757616, at *3-4 (N.D. Tex. Dec. 3, 2002)(Lynn, J.)(adopting magistrate judge's analysis of *Bailey,* and recommendation that case should be dismissed as duplicative even though earlier case had been dismissed without reaching merits).

3

of the United States; and (2) the deprivation was imposed by a person acting under color of law.[8] Calhoun has failed to satisfy the first element. He has not alleged that the taking of his car, keys, or money was in violation of any constitutional right. Also, Calhoun has failed to allege facts to show that the defendants acted under color of law.[9] Although Calhoun refers to the Fort Worth police department in his complaint, he does not name the police department as a defendant, and seeks return of his car from Irvin and Jeffery. Thus, to the extent Calhoun asserts any new claims in this suit which are not duplicative of the prior case, such claims must also be dismissed.

Therefore, all claims are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED June 30, 2011.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[8]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[9]*See Cornish v. Correctional Services Corp., et al.,* 402 F.3d 545, 550 (5th Cir. 2005)(noting that under any of the many tests employed to decide whether a private actor's conduct can be fairly attributable to the State is a "necessarily fact-bound inquiry . . . .") *citing, Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 939 (1982).